# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1047V
### (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
CONNIE GRAHAM, *as guardian of*
K.S., *a minor*,

           Petitioner,

   v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

           Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: September 10, 2015

Statute of Limitations;
Entitlement; Denial Without Hearing;
Onset of Symptoms

*Connie Graham*, *pro se* claimant.

*Debra Begley*, U.S. Dep't of Justice, Washington, D.C.

## DECISION DISMISSING CASE[1]

On October 27, 2014, Connie Graham filed a petition as guardian of K.S., a minor, seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] based upon the allegations that the Measles-Mumps-Rubella ("MMR") vaccine that K.S. received on June 21, 2007, caused him to develop both a number of immediate symptoms as well as developmental disabilities that only became evident years later, when K.S. began his schooling years. *See* Pet. at 1-2 (ECF No. 1); Supplemental Statement dated July 9, 2015, at 1

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

(ECF No. 25) ["Supplemental Statement"]. Respondent has now moved to dismiss the petition, arguing that the claim is barred by the Vaccine Act's statute of limitations. Section 16(a)(2). For the reasons stated below, the motion is granted.

## Background

This action was initiated by Ms. Graham as a *pro se* petitioner in October of 2014. In it, she alleged that K.S. (born June 19, 2006), received the MMR vaccine around the time of his first birthday, in June of 2007. Pet. at 2-3. By July of 2007, K.S. "developed sudden onset fever, seizure-like symptoms, and cyanosis," for which he received medical treatment. *Id.* at 2. By the time K.S. began kindergarten in 2012 (when he was six years old), school-conducted evaluations revealed motor skill impairment and learning and developmental disabilities. *Id.* Ms. Graham thus alleged that all of the above were the result of a reaction to K.S.'s receipt of the MMR vaccine. Accompanying the petition were a number of medical records, including a September 10, 2008 letter from one of K.S.'s treaters, Dr. Louay Nassri, M.D., confirming the fact of K.S.'s July 2007 MMR reaction. *Id.* at 3.

In the subsequent months, Petitioner attempted to gather and file relevant medical records. At a status conference held in May of this year, Respondent's counsel expressed the belief that the petition was likely time-barred, given the fact that the existing record clearly indicated onset of K.S.'s vaccine-related symptoms had occurred as early as 2007. However, Respondent also proposed that subpoenaing some additional records from K.S.'s schools might shed light on the allegations pertaining to his alleged developmental problems, and I agreed to grant any requests for issuance of subpoenas to that end. *See* Order, dated May 1, 2015 (ECF No. 18).

Thereafter, Respondent moved for issuance of subpoenas as discussed at the May 2015 status conference. After I granted the motion (ECF No. 20), Respondent obtained additional records, filing them on June 15, 2015 (ECF No. 21). Included among the filed materials were documents from K.S.'s preschool establishing that deficiencies in K.S.'s development had been noted as early as the spring of 2010, during his evaluation by the Department of Special Education prior to his entry into preschool. Resp. Ex. D (ECF No. 21) at 58-62. In addition, at my request Ms. Graham filed a supplemental statement to the petition on July 9, 2015 (ECF No. 25). The statement confirmed that Ms. Graham first personally noticed K.S.'s developmental problems "some months after K.S. received the MMR vaccination," and detailed a few of her observations to that end. Supplemental Statement at 1. She also stated that when K.S. was three years old (which would have been in 2009), she pursued her options for getting K.S. speech and coordination therapy, ultimately enrolling him in a private school for that purpose. *Id.*

On July 27, 2015, Respondent filed her Rule 4(c) Report along with a Motion to Dismiss. Resp.'s Rule 4(c) Report and Mot. to Dismiss (ECF No. 26) [hereinafter "Mot."]. In the motion,

2

Respondent argues that as an initial matter, Petitioner's claim is barred by the statute of limitations for both alleged injuries. Mot. at 6. Petitioner never filed anything in opposition to Respondent's motion, and the matter is therefore now ripe for adjudication.

## **Analysis**

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§13(a)(1)(A) and 11(c)(1). Regardless of the nature of the claim, however, it must still be timely made. For injuries resulting from a vaccine administered after October 1, 1988, a Vaccine Program petition may not be filed "after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset . . ." Section 16(a)(2). The statute of limitations begins to run from the manifestation of the first objectively cognizable symptom, whether or not that symptom is sufficient for diagnosis. *Carson v. Sec'y of Health & Human Servs.*, 727 F.3d 1365, 1369 (Fed. Cir. 2013).

Whatever the basis for Petitioner's claim herein, the claim is time-barred under the Vaccine Act's statute of limitations. As the record reveals, K.S.'s alleged reactions to the MMR vaccine manifested as early as July 7, 2007. Calculating from that date, this matter would be timely only had it been filed on or before July 7, 2010 – a date over four years earlier than when the claim was actually filed.

I reach the same conclusion even if I limit my analysis to the alleged onset of K.S.'s learning and other developmental disabilities. Although the petition itself states that K.S.'s developmental issues were first observed when he went to school in 2012 (Pet. at 2), as noted above Ms. Graham admits she was aware of his developmental problems in 2007. Supplemental Statement at 1. Deficiencies in K.S.'s development were also noted in the spring of 2010, as the records subpoenaed by Respondent indicate. Resp. Ex. D at 58-62. And Ms. Graham has also acknowledged that she began to attempt to address K.S.'s developmental problems when he was three (and thus in 2009). Supplemental Statement at 1. Assuming onset was as late as 2010, the matter would still be time-barred since it was filed only in 2014.

There are no grounds upon which this late-filed petition could be saved. The petition alleges that Ms. Graham had "no ideal [*sic*] that [K.S.] had a learning and motor disability until he started to [*sic*] to school" in August of 2012. Pet. at 2. In so doing, she (in effect) invokes the "discovery rule," under which a "statute of limitations does not begin to run until an injured person *knew or should have known* that a vaccine had the ability to cause the injury from which she suffered." *Johnston v. Sec'y of Health & Human Servs.*, No. 11-796, 2013 WL 664709, at *4 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) (emphasis added). But as the Federal Circuit has made clear, the

3

discovery rule does not apply to Vaccine Act cases. *Cloer v. Sec'y of Health & Human Servs.*, 654 F.3d 1322, 1339 (Fed Cir. 2011).[3] While I am sympathetic to the fact that Ms. Graham may well have been unaware of the extent of K.S.'s injuries, and may have attempted to assert this claim as quickly as possible once she learned of the remedies provided in the Vaccine Program, it remains the law that the Vaccine Act statute of limitations runs from the first symptom or onset – regardless of whether the symptom is *recognized* as such. *Carson*, 727 F.3d at 1369.

The Federal Circuit has held that the doctrine of equitable tolling can apply to Vaccine Act claims in limited circumstances. *Cloer*, 654 F.3d at 1340-41. These limited circumstances have been enumerated to include fraud and duress, but not to include a lack of awareness on a petitioner's part that she might have an actionable claim. *Id*. at 1344-45 (unawareness of a causal link between the injury and vaccination was insufficient to justify invocation of equitable tolling). Given that Petitioner in fact claims unawareness as explaining her delay in filing this petition, the present circumstances do not constitute one of the rare instances in which equitable tolling would apply.

**Thus, this case is dismissed as untimely. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                                        Brian H. Corcoran
                                                        Special Master

---

[3] Federal Circuit decisions are binding on special masters. *Guillory v. Sec'y of Health & Human Servs.*, 59 Fed. Cl. 121, 124 (2003), *aff'd*, 104 Fed. App'x 712 (Fed. Cir. 2004).